**In re Robert D. FAUTH, Susan K. Fauth, Debtors.**

**Bankruptcy No. 87–40276.**

United States Bankruptcy Court, D. Montana.

Nov. 6, 1987.

John Forsythe, Billings, Mont., for debtors.

Victoria L. Francis, Billings, Mont., for Prudential Ins. Co.

Dunlap and Caughlan, Butte, Mont., trustee.

John F. O'Keefe, Sp. Asst. U.S. Atty., Helena, Mont., for SBA.

## ORDER CONFIRMING CHAPTER 12 PLAN

JOHN L. PETERSON, Bankruptcy Judge.

Hearing on the Debtors' Chapter 12 Plan, as amended by stipulation with Prudential Insurance Company, was held on October 14, 1987. All creditors have consented to the Plan except the U.S. Small Business Administration (SBA), which has filed with the Court a motion to include in the findings of fact matters relating to the liquidation value of the Debtors' assets, so that the Plan will comply with § 1225(a)(4) of the Code. While SBA does not seem to object to the Plan, evidently it feels that by liquidating the farm assets under Chapter 7, it will receive more by that process than it would from payments due it as an unsecured creditor from the Debtors' net disposable income.

As I understand SBA's position, it claims that about $40,000.00 worth of machinery which is essential to continued operation of the farm is unencumbered, and therefore, upon liquidation would be paid ratably among unsecured creditors. Under the Plan, the net disposable income proposed to be paid to unsecured creditors totals $15,-021.00 over the 3 year Plan period. The Debtors' liquidation analysis shows, however, that upon liquidation there would be no assets remaining after payments to secured creditors to satisfy any portion of unsecured claims. Thus, the claim by SBA that it would receive more on liquidation under Chapter 7 than by confirmation of the Plan is without merit.

Even if I were to assume that SBA's position on liquidation is correct, the Plan is nevertheless still confirmable. Under

§ 1225(a)(4), known as the "best interest of creditors" test, *see, In re Chapman*, 51 B.R. 663, 668 (Bankr.D.C.1985), an unsecured creditor must receive value as of the effective date of the Plan which is not less than the amount which such creditor would receive if the estate were liquidated under Chapter 7. But the inquiry on confirmation does not end there if the unsecured creditor, such as SBA, objects that the Plan does not comply with 1225(a)(4). For if SBA is correct, and liquidation must proceed, then the clear intent of Congress to keep the family farmer in operation would be thwarted. Congress did not intend such result. Rather, Congress, in such cases, has provided an exclusive remedy to the objecting unsecured creditor in Subsection (b)(1) of § 1225. That subsection requires that the objecting unsecured creditor *must* be treated in either one of two ways, namely, (A) its allowed claim must be paid in full, or (B) all of the debtor's projected disposable income must be committed under the Plan to payments of claims. In this fashion, then, the family farm can continue in operation with the land, equipment and machinery which is essential to make it a viable enterprise. The Plan in this case does just that. It commits the Debtors' disposable income to the payment of unsecured claims, and thus the liquidation of the farm is avoided. Unless 1225(a)(4) and 1225(b)(1) are applied in this manner, § 1225(b)(1) could, in some instances, be superfluous. In sum, Congress has met the best interest of creditor's test by opting against liquidation of the farm in favor of continued operation with the attendant commitment that all of the disposable income will be used to pay claims. In most cases, § 1225(a)(4) is easily met since there would be no assets available upon liquidation. In those sparse cases where liquidation of necessary, but unencumbered, assets may result in more payment of unsecured claims, the relief to unsecured creditors is compromised by allowing the family farm to remain viable upon the conditions set forth in 1225(b)(1).

IT IS ORDERED:

(1) The Debtors' Plan as amended and modified by the stipulation with Prudential Insurance Company is confirmed.

(2) The Debtors shall pay the the Trustee the sums provided for in the Plan at the times and amounts provided therein.

(3) Compensation of the Trustee is fixed at 5% of all payments made to creditors during the term of the Plan.

(4) Necessary and actual expenses of the Trustee shall be approved upon order of this Court.

(5) The value of collateral securing debts due holders of secured claim is fixed at the values stated in the Amended Plan as modified by the stipulation with Prudential Insurance Company.

(6) Upon completion of the Debtors' Plan according to its final terms, all judgments and U.C.C. filings shall be satisfied.

(7) Payment to Debtors' attorney for fees and costs advanced is allowed in the sum of $2,654.70.

(8) The life of this Plan is three years.

(9) This Order is subject to any objections filed within 15 days by any party in interest.